**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**CENTRAL GULF STEAMSHIP CORPO-
RATION, a corp., and Robert H. Wall,
Inc., a corp., Defendants-Appellants.**

No. 71–1108

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 3, 1972.

John R. Peters, Jr., New Orleans, La.,
Ragan & Mason, Washington, D. C.,
Jones, Walker, Waechter, Poitevent, Car-
rere & Denegre, New Orleans, La., for
defendants-appellants.

Gerald J. Gallinghouse, U. S. Atty.,
New Orleans, La., L. Patrick Gray, III,
Asst. Atty. Gen., Anthony W. Gross,
Morton Hollander, Attys., Admiralty &
Shipping Section, Dept. of Justice,
Washington, D. C., for plaintiff-appellee.

Before GEWIN, AINSWORTH and
SIMPSON, Circuit Judges.

PER CURIAM:

Central Gulf Steamship Corporation
appeals from a judgment against it re-
sulting from damage to a portion of a
cargo of flour owned by the United
States which Central Gulf agreed to car-
ry from the Port of New Orleans to
Port Said, United Arab Republic.

The flour was packaged in bags
at various manufacturing points in the
United States and transported to New
Orleans by rail car, arriving during the
week ending June 30, 1964. Defendant
had agreed to lift the cargo on that date,
but because of breakdowns and delays in
foreign ports it was unable to load until
July 29, 1964, when the vessel GREEN
RIDGE called at New Orleans and lifted
all but 14,805 bags which it left behind.
Central Gulf did not call for the remain-
ing bags until August 13, 1964, when
the vessel GREEN VALLEY called at
New Orleans. In anticipation of the
vessel's arrival, the Department of Agri-
culture requested its Plant Quarantine
Division to inspect the flour. On Au-
gust 10, 1964, some six weeks after Cen-
tral Gulf assumed custody of the flour,
Plant Quarantine inspected the flour
and found it heavily infested with four

* Rule 18, 5 Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of

New York, et al., 5 Cir., 1970, 431 F.2d
409, Part I.

species of insects. The District Court, 321 F.Supp. 945, found that the cargo was in good order and condition when received by Central Gulf in New Orleans and that "While the 1,800 [damaged] bags of flour were in defendants' custody, the flour became infested with insects." The District Court held that "The infestation of said 1,800 bags of flour was proximately caused by defendants' fault, negligence and omission and by the breach of their contractual obligations owing to the Government." We hold that the District Court's findings are not clearly erroneous and affirm. See Fed.R.Civ.P., Rule 52(a); Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774.

Central Gulf signed delivery receipts stating that the flour was in "apparent good order and condition" when delivered to it by various rail carriers. Moreover, the United States affirmatively proved that the flour was in good order and condition upon delivery to Central Gulf, without reference to the receipts. Central Gulf stored the flour in a warehouse it had leased. It was under obligation to care for the cargo entrusted with it. The loss occurred while the cargo was in the care and custody of Central Gulf, which offered no explanation as to how the damages occurred. Central Gulf argues that these minute insects are an inherent vice of flour for which it could sustain no liability. The evidence presented showed that the insects created an inherent problem, not necessarily an inherent vice. The District Court found that the loss was occasioned by Central Gulf's failure to properly care for the cargo entrusted to its custody. Central Gulf was an experienced carrier which handled numerous shipments of bagged flour out of southern ports of the United States.

We have carefully reviewed the other claims of error and find them to be without merit.

Affirmed.